HOBSON, Judge.
Appellant brings to us for review a final summary judgment entered in favor of ap-pellee. Appellant, wife of deceased, was named as the sole beneficiary under a policy issued to the decedent in the amount of $1,500 if the decedent were fatally injured if struck “on a public highway, by any moving vehicle.”
The decedent was struck by a moving vehicle and fatally injured while standing on a public sidewalk a few feet from a public highway. The highway and sidewalk were not separated by any curb but merged on the same level.
*835 In National Casualty Co. v. Zmijewski, 1940, 143 Fla. 285, 196 So. 587, the factual situation was strikingly similar to that in the instant case. The decedent therein was actually standing on private property when fatally injured. In that case it was held that it was a question of fact as to whether or not the location where the decedent was fatally injured was used by the public as part of the highway. The record in the instant case shows that a genuine issue of material fact exists in the light of the National Casualty case. Therefore, the summary judgment appealed is
REVERSED and the cause REMANDED.
McNULTY, C. J., and SCHWARTZ, ALAN R., Associate Judge, concur.